IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MAX DESHUND ARMSTRONG                                                      PLAINTIFF

VS.                                                                          CIVIL ACTION NO.: 3:15-cv-493-CWR-FKB

C/O UNKNOWN WILLIAMS,
MANAGEMENT TRAINING CORPORATION, INC., AND
C/O UNKNOWN SNOW                                                    DEFENDANTS

**REPORT AND RECOMMENDATION**

This cause is before the Court on the Motion for Summary Judgment [39] filed by Defendants Zantarious Williams, Sylvester Snow, and Management & Training Corporation ("MTC"). Having considered the motion, the undersigned recommends that the motion for summary judgment be granted.

**I. Background**

Plaintiff is an inmate in the custody of the Mississippi Department of Corrections ("MDOC"), who is proceeding *pro se* in this litigation, alleging violations of his constitutional rights under 42 U.S.C. § 1983 during his incarceration at East Mississippi Correctional Facility ("EMCF"). As clarified during the omnibus hearing, Plaintiff alleges that the defendants failed to protect Plaintiff when he was stabbed by another inmate while being escorted to his cell. [34] at 1. The defendants now move for summary judgment. *See* [39].

**II. Standard of Review**

"Summary judgment is appropriate if the moving party can show that 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *United States v. Renda Marine, Inc.,* 667 F.3d 651, 655 (5th Cir. 2012) (quoting Fed.R.Civ.P. 56(a)). When

1

considering a summary judgment motion, a court "must review all facts and evidence in the light most favorable to the non-moving party." *Juino v. Livingston Parish Fire Dist. No. 5,* 717 F.3d 431, 433 (5th Cir. 2013). However, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003) (citing *Bridgmon v. Array Sys. Corp.,* 325 F.3d 572, 577 (5th Cir. 2003); *Hugh Symons Group, plc v. Motorola, Inc.,* 292 F.3d 466, 468 (5th Cir. 2002)). Summary judgment is proper "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof." *Washington v. Armstrong World Indus.*, 839 F.2d 1121 (5th Cir. 1988) (citing *Celotex*, 477 U.S. at 323).

### III. Discussion

In their motion, Defendants Williams and Snow argue that Plaintiff has failed to allege a cognizable failure-to-protect claim against them. [40] at 4. MTC argues that Plaintiff has failed to allege any claim against it other than vicarious liability, which cannot stand in a § 1983 action.

**A. Failure to Protect**

The constitutional rights of a state prisoner, including the right to be protected from attacks by other prisoners, arise "from the Eighth Amendment's prohibition on cruel and unusual punishment." *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 639 (5th Cir. 1996). However, not "every injury suffered by one prisoner at the hands of another translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer v. Brennan*, 511 U.S. 832, 834 (1994). In order to succeed on a failure-to-protect claim, a prisoner "must allege and prove that an official acted with subjective deliberate indifference to his rights." *Talley v. Robinson*, Civil Action No. 4:12-cv-149-DPJ-FKB, 2013 WL 6507350, *2 (S.D. Miss. Dec. 12, 2013) (citation omitted).

2

"'Subjective deliberate indifference' means that the official has actual knowledge of a substantial risk of serious harm and responds with deliberate indifference to that risk." *Id.* (citation omitted). Deliberate indifference requires more than mere negligence and "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (internal quotation marks and citation omitted).

During the omnibus hearing, Plaintiff testified as to the events underlying his claims. On February 22, 2015, Williams and Snow, officers at EMCF, were escorting Plaintiff from the medical unit back to his cell. [39-1] at 4-5. Plaintiff testified that when they entered his zone, other inmates were throwing "food and liquids" through the tray slots of their cells. *Id*. at 6, 8, 10. Plaintiff further testified that as they were starting to walk up the stairs to his second-floor cell, one inmate held a bottle and cup out his tray slot and said, "don't come this way." *Id*. Officers Williams and Snow, while positioned on both sides of Plaintiff, then turned around and escorted Plaintiff to the second floor *via* stairs on the other side of the unit. *Id*. After they reached the second floor, Williams and Snow left Plaintiff at his cell, but not inside his cell. *Id.* at 9-10, 14. Plaintiff testified that Officer Williams went to talk to an inmate in Cell 213, which was four doors down from Plaintiff's cell and one of the cells out of which "stuff" had been thrown, and Officer Snow went to talk to another inmate. *Id*. at 7-10, 13. While standing at his cell where the officers had left him, another inmate, DeMarcus Quinn, called out for Plaintiff. *Id*. at 11. Plaintiff then left his cell and walked down three doors to Quinn. *Id.* at 11, 14-15. Quinn, who was confined in his cell, asked Plaintiff to pick up a tray from the floor and hand it to him through the tray slot, and when Plaintiff was giving Quinn the tray, Quinn swung a knife through the tray slot and cut Plaintiff's hand. *Id.* at 6, 15.

Viewing the evidence in the light most favorable to Plaintiff, it fails to show that Williams

3

or Snow had actual knowledge of a substantial risk of serious harm to Plaintiff or that either of them acted with deliberate indifference to such a risk. First of all, Plaintiff chose to leave his cell where the officers had left him and go to Quinn's cell, pick up a tray, and attempt to hand it to him through the tray slot of Quinn's cell. The officers did not place Plaintiff at risk of being attacked by Quinn; Plaintiff did. Further, the evidence is undisputed that neither Williams nor Snow had actual knowledge of any risk of harm that Quinn posed to Plaintiff. In fact, Plaintiff testified that he had never had any problems with Quinn prior to the subject incident. *Id*. at 11. Although Plaintiff contends that Williams and Snow violated policy when they did not secure him in his cell, Plaintiff has failed to show that they violated his constitutional rights.

The undersigned finds that Plaintiff has no cognizable failure-to-protect claim against Williams or Snow. The undersigned recommends, therefore, that the motion for summary judgment be granted as to those claims against Williams and Snow.

**B. Claims against MTC**

In his complaint, Plaintiff's only allegation pertaining to MTC is that Williams and Snow are employed as correctional officers at EMCF, which is operated by MTC. [1] at 6. MTC argues that it cannot be held vicariously liable for any acts or omissions of its employees.

Private prison management companies are subject to § 1983 liability. *Rosborough v. Management & Training Corp.*, 350 F.3d 459, 461 (5th Cir. 2003). However, "just as a municipal corporation is not vicariously liable upon a theory of respondeat superior for the constitutional torts of its employees, so is a private corporation not vicariously liable under § 1983 for its employees' deprivations of others' civil rights." *Lonoaea v. Corr. Corp. of Am.*, 665 F.Supp.2d 677, 685 (N.D. Miss. 2009) (citations omitted). "[A] private corporation is only liable when an official policy or

4

custom of the corporation causes, or is the 'moving force,' behind the constitutional violation." *Carpenter v. Management & Training Corp.*, No. 3:13cv285-M-A, 2014 WL 4955693, *3 (N.D. Miss. Oct. 2, 2014).

As stated *supra*, Plaintiff has failed to show a constitutional claim for failure to protect. Even if Plaintiff made a valid claim, MTC could not be held vicariously liable for the actions of its employees. Further, Plaintiff has failed to allege or present evidence that any MTC policy or custom was the moving force behind any such constitutional violation. Accordingly, the undersigned recommends that the motion for summary judgment be granted as to any claims against MTC.

## IV. Conclusion

For the reasons stated herein, the undersigned recommends that the Motion for Summary Judgment [39] filed by Defendants Williams, Snow, and MTC be granted.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. §636; *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED on the 26th day of May, 2017.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE